Michelle M. Bufano
Lisa E. Cleary (*pro hac vice* motion forthcoming)
Jacqueline L. Bonneau (*pro hac vice* motion forthcoming)
Hyatt M. Howard (*pro hac vice* motion forthcoming)
Catherine J. Djang (*pro hac vice* motion forthcoming)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Tel:  212-336-2000

*Attorneys for Defendant American Council of Learned Societies*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSHUA KATZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. |
| v. | : | |
| | : | |
| AMERICAN COUNCIL OF LEARNED SOCIETIES, | : | |
| | : | |
| Defendant. | | |

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that, without submitting to the jurisdiction of this

Court, and without waiving any available defenses including, without limitation, lack of

jurisdiction, improper venue, or insufficient service of process, Defendant American Council of

Learned Societies ("ACLS"), by and through its undersigned attorneys and pursuant to 28 U.S.C.

§§ 1332, 1441, and 1446, hereby remove this action from the Superior Court of New Jersey, Law

Division, Mercer County, where it is currently pending, to this Court.  As required under 28

U.S.C. § 1446(a), ACLS sets forth below a short and plain statement of the grounds for removal:

## BACKGROUND

1.      Pursuant to Rule 10.1(a) of the Local Civil Rules, the address of the named parties

are as follows:

- Plaintiff Joshua Katz ("Plaintiff") stated in his Complaint that he is a resident of the State of New Jersey.  Plaintiff is represented by Jonathan Roth, Esq. of the law firm, Goldstein Law Partners, LLC, located at 11 Church Road, Hatfield, PA 19440.

- Defendant American Council of Learned Societies has its principal place of business at 633 Third Avenue, New York, New York 10017.  ACLS is represented by the undersigned attorneys at Patterson Belknap Webb and Tyler LLP located at 1333 Avenue of the Americas, New York, NY 10036.

2.      Plaintiff commenced this action on or about February 4, 2021, by filing a

summons and complaint in the Superior Court of New Jersey, Law Division, Mercer County (the

"State Court Action").  The State Court Action is styled *Joshua Katz v. American Council of

Learned Societies* Index No. MER-L-000261-21.

3.      In accordance with 28 U.S.C. §1446(a), copies of all pleadings, process, and

orders in the State Court Action are attached hereto as **Exhibit A**.

4.      In accordance with 28 U.S.C. § 1446(d), ACLS will, upon filing this Notice of

Removal, furnish written notice to Plaintiff's counsel, and will file and serve a copy of this

Notice of Removal with the Clerk of the New Jersey Superior Court, Mercer County.

5.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed

within thirty (30) days of service of process upon ACLS in the State Court Action on February

17, 2021.

6.      In the Complaint, Plaintiff alleges that ACLS retracted its invitation for him to

serve as ACLS's delegate to an international academic conference.  (Compl. ¶ 1, included in

Exhibit A.)  Specifically, Plaintiff alleges that on or about February 19, 2020 ACLS asked him to

2

serve as a volunteer delegate to the Union Académique Internationale ("UAI").  (*Id*. ¶ 12.)

Plaintiff also alleges that he accepted the invitation on or about March 9, 2020, and he began his

tenure as a volunteer UAI delegate on or about July 1, 2020.  (*Id*. ¶¶ 19, 21.)  Then, on or about

September 14, 2020, Plaintiff alleges that ACLS notified him he would no longer be ACLS's

UAI delegate because he had published an article critical of the faculty-proposed race and

diversity initiative at the university where he teaches.  (*Id*. ¶ 35.)

7.     Plaintiff's Complaint includes claims under New Jersey law for breach of

contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, and

equitable estoppel.  (*Id*. ¶¶ 42–62.)  The Complaint seeks specific performance, compensatory

damages, consequential damages, interests and cost of suit, and other relief that the court may

deem just and equitable.  ACLS denies Plaintiff's allegations.

## VENUE

8.     The United States Court for the District of New Jersey is the federal jurisdiction

in which the New Jersey Superior Court, Mercer County, sits.  The State Court Action was

originally filed in the New Jersey Superior Court, Mercer County, which makes removal to this

federal judicial district proper.  28 U.S.C. § 1441(a).

## SUBJECT MATTER JURISDICTION

9.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C.

§ 1332(a) because there is complete diversity of citizenship between Plaintiff and ACLS, and

the amount in controversy exceeds $75,000, exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

10.     Upon information and belief, at the time Plaintiff commenced this action and at

all times since, Plaintiff was and is a citizen of the State of New Jersey.  (*See* Compl. ¶ 2.)

11.     For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332 (c)(1).

12.     At the time Plaintiff commenced this action and at all times since, ACLS was and is a 501(c)(3) nonprofit organized and existing under the laws of the District of Columbia, with its principal place of business located in the State of New York, and therefore is a citizen of New York and Washington, D.C.  28 U.S.C. § 1332(c)(1).

13.     Accordingly, because this action involves "citizens of different States,"  28 U.S.C. § 1332(a)(1)-(2), removal of this action is proper under 28 U.S.C. § 1441.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

14.     The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because there are plausible allegations within Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

15.     Where, as here, a plaintiff does not allege a precise amount of damages in the complaint, the removing defendant need only show that "it is more likely than not that the amount in controversy exceeds $75,000."  *Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 562 (D.N.J. 2000).  This is not an "onerous" burden.  *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016).

16.     Plaintiff alleges, *inter alia*, that ACLS's decision not to move forward with his appointment to serve as its UAI delegate has "affect[ed] his future compensation at the

university," "cost[] him professional opportunities both within and outside the university," and "caused him significant professional humiliation and has lowered his stature in the eyes of his employer."  (Compl. ¶¶ 47, 51, 57, 62.)  Plaintiff further alleges that his future compensation as a tenured professor at Princeton University has been adversely impacted.  (*Id*. ¶ 47.)  All of these alleged harms—the impact on future compensation, the loss of professional opportunities, and the dent to his professional reputation—have allegedly caused Plaintiff to incur damages, compensatory and consequential.

17.   Based on the foregoing alleged damages, a "reasonable reading of the value of the rights being litigated" exceeds the jurisdictional minimum.  *See Auto-Owners Ins.*, 835 F.3d at 395 ("[I]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.") (internal citations omitted); *Durate v. Home Depot U.S.A., Inc*., No. CV 19-11429 (CCC), 2019 WL 5654051, at *2 (D.N.J. Aug. 2, 2019) ("The value of a case is determined for removal purposes not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.") (internal quotation marks, omissions, and citations omitted); *Good 'N Nat. v. Nature's Bounty, Inc.*, No. CIV. A. 87-662, 1990 WL 127126, at *16 (D.N.J. Aug. 30, 1990) (concluding that although claim for compensatory damages may be difficult to prove, the court was not "convinced to a legal certainty" that jurisdictional amount was unmet); *Avraham v. Golden*, No. 18-11795 (SDW) (JAD), 2020 WL 2214535, at *11 (D.N.J. May 7, 2020) (jurisdictional amount analysis can include compensatory damages and earnings); *Fisher v. HNTB Corp.*, No. 2:18-CV-08173-AB-MRW, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018) ("Because Plaintiff 'claims at the time of removal that her termination caused her to lose future wages, then there is no question that future wages are at stake in the litigation, whatever the likelihood that she will actually recover

them.") (internal quotation marks and citation omitted); *Stephens v. Mitsubishi Elec. Auto. Am., Inc.*, No. 01-71443, 2002 WL 551033, at *1 (E.D. Mich. Mar. 29, 2002) (jurisdictional amount met where plaintiff alleged, among other things, "loss of past and future income" and "loss of professional reputation."); *Fields v. Keith*, No. CIV. A. 3:99-CV-2682, 2000 WL 748152, at *6 (N.D. Tex. June 8, 2000) (concluding jurisdictional amount met based on, *inter alia*, future earning capacity and past and future damages to her reputation).

## **CONCLUSION**

18.     WHEREFORE, ACLS respectfully removes this matter to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Should any question arise as to the propriety of the removal of this action, ACLS requests the opportunity to brief any disputed issues and to present oral argument in support of its position.

Dated: March 5, 2021                              Respectfully Submitted,

                                                              PATTERSON BELKNAP WEBB & TYLER LLP

                                                              By:   /s/  Michelle M. Bufano
                                                              Michelle M. Bufano
                                                              Lisa E. Cleary (*pro hac vice* motion forthcoming)
                                                              Jacqueline L. Bonneau (*pro hac vice* motion forthcoming)
                                                              Hyatt M. Howard (*pro hac vice* motion forthcoming)
                                                              Catherine J. Djang (*pro hac vice* motion forthcoming)
                                                              1133 Avenue of the Americas
                                                              New York, NY 10036-6710
                                                              Tel:  (212) 336-2000

                                                              *Attorneys for Defendant*
                                                              *American Council of Learned Societies*

TO:     Jonathan S. Roth
             Goldstein Law Partners LLP
             11 Church Road
             Hatfield, PA 19440
             Telephone: (610) 949-0444
             *Attorney for Plaintiff*

Michelle M. Bufano
Lisa E. Cleary (*pro hac vice* motion forthcoming)
Jacqueline L. Bonneau (*pro hac vice* motion forthcoming)
Hyatt M. Howard (*pro hac vice* motion forthcoming)
Catherine J. Djang (*pro hac vice* motion forthcoming)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Tel:  212-336-2000

*Attorneys for Defendant American Council of Learned Societies*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSHUA KATZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. |
| v. | : | |
| | : | **LOCAL CIVIL RULE 11.2** |
| AMERICAN COUNCIL OF LEARNED | : | **CERTIFICATION** |
| SOCIETIES, | : | |
| | : | |
| Defendant. | | |

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, to the

best of her knowledge, the matters raised herein are not subject to any other action, arbitration or

administrative proceeding.

Dated: March 5, 2021                    Respectfully Submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By:  /s/  Michelle M. Bufano
Michelle M. Bufano
Lisa E. Cleary (*pro hac vice* motion forthcoming)
Jacqueline L. Bonneau (*pro hac vice* motion forthcoming)
Hyatt M. Howard (*pro hac vice* motion forthcoming)
Catherine J. Djang (*pro hac vice* motion forthcoming)
1133 Avenue of the Americas
New York, NY 10036-6710
Tel:  (212) 336-2000

*Attorneys for Defendant*
*American Council of Learned Societies*