Michael F. Buchanan, Esq. (NJ049041992)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Tel:  212-336-2000

*Attorneys for Defendant*
*American Council of Learned Societies*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JOSHUA KATZ,

                      Plaintiff,

     - v. -

AMERICAN COUNCIL OF LEARNED
SOCIETIES,

                    Defendant.

**Civil Action No. 1:21 CV 04306 (AET)**

MOTION DAY: June 7, 2021

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

---

## MEMORANDUM OF LAW OF DEFENDANT AMERICAN COUNCIL OF LEARNED SOCIETIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................... ii

PRELIMINARY STATEMENT ............................................................. 1

STATEMENT OF FACTS ...................................................................... 3

LEGAL STANDARDS ........................................................................... 7

ARGUMENT ........................................................................................... 9

I.      ACLS Is Not Subject to Personal Jurisdiction in New Jersey ........................ 9

    A.      ACLS Is Not Subject to General Jurisdiction in New Jersey ............................................................................... 10

    B.      ACLS Is Not Subject to Specific Jurisdiction in New Jersey ............................................................................... 11

II.     This Case Should Be Dismissed in its Entirety for Failure to State a Claim ............................................................................ 13

    A.      Plaintiff's Breach of Contract Claim Fails as a Matter of Law ................................................................................. 13

    B.      Plaintiff's Claimed Breach of the Implied Covenant of Good Faith and Fair Dealing Is Subject to Dismissal ........................ 21

    C.      Plaintiff Fails to State a Claim for Promissory Estoppel ................... 23

    D.      Plaintiff's Equitable Estoppel Claim Is Not Cognizable Under New Jersey Law ..................................................... 25

CONCLUSION ...................................................................................... 26

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Adam v. Obama for Am.*,
   210 F. Supp. 3d 979 (N.D. Ill. 2016) ........................................................... 15, 16

*Al-Ghena Int'l Corp. v. Radwan*,
   957 F. Supp. 2d 511 (D.N.J. 2013) ........................................................................ 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 8

*Baer v. Chase*,
   392 F.3d 609 (3d Cir. 2004) ................................................................................ 17

*Bava v. Hamilton Farm Golf Club*,
   No. 08-cv-5473 (AET), 2009 WL 2778108 (D.N.J. Aug. 28, 2009) ................. 25

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ 3

*Big M, Inc. v. Dryden Advisory Grp.*,
   No. 08-cv-3567 (KSH), 2009 WL 1905106 (D.N.J. June 30, 2009) ................. 17

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ..................................................................................... 2, 11, 12

*Burch v. Milberg Factors, Inc.*,
   662 F.3d 212 (3d Cir. 2011) .................................................................................. 8

*Canstar v. J.A. Jones Constr. Co.*,
   212 A.D.2d 452 (N.Y. 1st Dep't 1995) ............................................................... 14

*Celle v. Barclays Bank P.L.C.*,
   48 A.D.3d 301 (N.Y. 1st Dep't 2008) ................................................................. 14

*D'Agostino v. Maldonado*,
   78 A.3d 527 (N.J. 2013) ....................................................................................... 26

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)...................................................................................10

*Display Works, LLC v. Bartley*,
    182 F. Supp. 3d 166 (D.N.J. 2016)........................................................9

*Eaton Corp. v. Maslym Holding Co.*,
    929 F. Supp. 792 (D.N.J. 1996)............................................................13

*Endress v. Brookdale Cmty. Coll.*,
    364 A.2d 1080 (N.J. App. Div. 1976) ................................................21

*Fabbro v. DRX Urgent Care, LLC*,
    616 F. App'x 485 (3d Cir. 2015) .........................................................18

*Fischer v. Allied Signal Corp.*,
    974 F. Supp. 797 (D.N.J. 1997)............................................................24

*Fisher v. Int'l Student Exch., Inc.*,
    38 F. Supp. 3d 276 (E.D.N.Y. 2014) ..................................................16

*Fisher v. Teva PFC SRL*,
    212 F. App'x 72 (3d Cir. 2006) ...........................................................12

*Gant v. Ragone*,
    No. 20-cv-01727 (RBK), 2020 WL 6797125
    (D.N.J. Nov. 19, 2020)..........................................................................25

*George v. Rehiel*,
    738 F.3d 562 (3d Cir. 2013) ..................................................................8

*Grant v. Coca-Cola Bottling Co. of New York*,
    780 F. Supp. 246 (D.N.J. 1991)...........................................................25

*Grupo Rayco C.A. v. Delta Air Lines, Inc.*,
    No. 19-cv-6162 (SRC), 2020 WL 2189994 (D.N.J. May 6, 2020)....................10

*Horowitz v. AT&T Inc.*,
    No. 17-cv-4827 (BRM), 2018 WL 1942525 (D.N.J. Apr. 25, 2018)................11

*IMO Indus., Inc. v. Kierkert AG*,
    155 F.3d 254 (3d Cir. 1998) ................................................................11

*Khorchid v. 7-Eleven, Inc.*,
   No. 18-cv-8525 (JBS), 2018 WL 5149643 (D.N.J. Oct. 22, 2018)...................18

*Laurel Gardens, LLC v. Mckenna*,
   948 F.3d 105 (3d Cir. 2020) ..................................................................7

*Marcangelo v. Boardwalk Regency Corp.*,
   847 F. Supp. 1222 (D.N.J. 1994).........................................................17

*Mele v. Fed. Reserve Bank of N.Y.*,
   359 F.3d 251 (3d Cir. 2004) ..................................................................9

*Mellon Bank (East) PSFS, Nat'l Assn'n v. Farino*,
   960 F.2d 1217 (3d Cir. 1992) ..........................................................7, 12

*Miller Yacht Sales, Inc. v. Smith*,
   384 F.3d 93 (3d Cir. 2004) ....................................................................9

*O'Connor v. Sandy Lane Hotel Co.*,
   496 F.3d 312 (3d Cir. 2007) ................................................................12

*Oscar v. Simeonidis*,
   800 A.2d 271 (N.J. App. Div. 2002) ...................................................15

*Patterson v. FBI*,
   893 F.2d 595 (3d Cir. 1990) ..................................................................7

*Redgrave v. Bos. Symphony Orchestra, Inc.*,
   855 F.2d 888 (1st Cir. 1988)...............................................................20

*Remick v. Manfredy*,
   238 F.3d 248 (3d Cir. 2001) ..................................................................7

*Rossley v. Drake Univ.*,
   958 F.3d 679 (8th Cir. 2020) ........................................................15, 16

*Rotante v. Franklin Lakes Bd. of Educ.*,
   No. 13-cv-3380 (JLL), 2014 WL 6609034 (D.N.J. Nov. 20, 2014) .................19

*Santiago v. Warminster Twp.*,
   629 F.3d 121 (3d Cir. 2010) ..................................................................8

*Sarokhan v. Fair Lawn Memorial Hospital, Inc.*,
   199 A.2d 52 (N.J. App. Div. 1964) ...................................................21

*Scagnelli v. Schiavone*,
   538 F. App'x 192 (3d Cir. 2013) .....................................................22

*Segal v. Lynch*,
   48 A.3d 328 (N.J. 2012) ..................................................................23

*Sheet Metal Workers Int'l Ass'n Loc. Union No. 27, AFL-CIO v. E.P.*
   *Donnelly, Inc.*,
   737 F.3d 879 (3d Cir. 2013) ............................................................21

*Skypala v. Mortgage Electronic Registration Systems, Inc.*,
   655 F. Supp. 2d 451 (D.N.J. 2009)..................................................18

*Storms v. Veterans of Foreign Wars of the United States, Inc.*,
   No. 15-cv-1038 (ENV), 2016 WL 6462273
   (E.D.N.Y. Nov. 1, 2016)...........................................................15, 16

*Swan Media Grp., Inc. v. Staub*,
   841 F. Supp. 2d 804 (S.D.N.Y. 2012) .............................................14

*TBI Unlimited, LLC v. Clearcut Lawn Decisions, LLC*,
   No. 12-cv-3355 (RBK), 2013 WL 1223643 (D.N.J. Mar. 25, 2013)................14

*Torsiello v. Strobeck*,
   955 F. Supp. 2d 300 (D.N.J. 2013)..................................................15

*Tousley v. Atl. City Ambassador Hotel Corp.*,
   50 A.2d 472 (N.J. Sup. Ct. 1947) ....................................................20

*Tredo v. Ocwen Loan Servicing, LLC*,
   No. 14-cv-3013 (JLL), 2014 WL 5092741
   (D.N.J. Oct. 10, 2014)......................................................................24

*Vangas v. Montefiore Med. Ctr.*,
   925 F. Supp. 2d 574 (S.D.N.Y. 2013) .............................................14

*Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*,
   210 F. Supp. 2d 552 (D.N.J. 2002)............................................13, 19

*Wanco v. Twp. of Rochelle Park*,
    No. 14-cv-7413 (KM), 2017 WL 3158752 (D.N.J. July 24, 2017)..............15, 16

*Weichert Co. Realtors v. Ryan*,
    608 A.2d 280 (N.J. 1992) ...................................................................................16

*Yapak, LLC v. Massachusetts Bay Ins. Co.*,
    No. 09-cv-3370 (AET), 2009 WL 3366464 (D.N.J. Oct. 16, 2009) .................22

*Zydus Worldwide DMCC v. Teva API Inc.*,
    461 F. Supp. 3d 119 (D.N.J. 2020)....................................................................23

## Statutes

28 U.S.C. § 1332 ............................................................................................................7

## Other Authorities

Fed. R. Civ. P. 12(b)(2)...........................................................................................7, 9

Fed. R. Civ. P. 12(b)(6)...........................................................................................8, 9

Defendant American Council of Learned Societies ("ACLS") respectfully submits this memorandum of law in support of its motion to dismiss the Complaint ("Compl.") of Plaintiff Dr. Joshua Katz ("Plaintiff") for lack of personal jurisdiction, or, in the alternative, for failure to state a claim.

## PRELIMINARY STATEMENT

Plaintiff, a Princeton professor, claims that ACLS breached a "contract" that was never in writing, never included any of the hallmarks of a meeting of the minds, and, most importantly, never offered Plaintiff any compensation or consideration.  In early 2020, ACLS, a Washington, D.C. nonprofit federation that supports humanities and social sciences, invited Plaintiff to volunteer as its delegate to an international body, the Union Académique Internationale ("UAI").  ACLS ultimately decided to select another individual as its volunteer delegate.  Disappointed by this decision and in contravention of black-letter law, Plaintiff sued ACLS under breach of contract and quasi-contract theories to force ACLS to reinstate him as its delegate.  Plaintiff's claims should be dismissed in their entirety for two reasons:

*First*, Plaintiff's Complaint cannot get out of the starting gate as ACLS is not subject to personal jurisdiction in New Jersey.  As Plaintiff admits, ACLS's principal place of business is in New York.  Because ACLS is incorporated

1

under the laws of Washington, D.C., it can only be "at home" in Washington, D.C. and New York, not New Jersey.  What is more, ACLS lacks sufficient "minimum contacts" in New Jersey to justify the exercise of specific jurisdiction.  Controlling Supreme Court precedent renders the only New Jersey "contact"—that ACLS purportedly negotiated a contract with a New Jersey-resident—an insufficient basis to assert specific jurisdiction over ACLS.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985).

*Second*, even if the Court could exercise jurisdiction over ACLS, the Plaintiff's inadequately pled claims are still subject to dismissal.  Plaintiff failed to plead the elements of a breach of contract claim, including most importantly, the existence of an enforceable contract.  Indeed, the Complaint fails to allege even the most basic contractual terms—duration, performance, and remedies—and parrots nothing but conclusory allegations about consideration, an indispensable element in any contract.  As he cannot point to a valid and enforceable agreement, Plaintiff unsurprisingly also cannot point to any provision that ACLS breached.  Nor does Plaintiff allege that he has suffered cognizable damages as a result of ACLS's alleged conduct.  Instead, he claims to have lost unspecified professional opportunities and suffered potential reputational harm, none of which are recoverable under New Jersey contract law.

2

Plaintiff's quasi-contract theories fare no better.  Plaintiff's claim for breach of the implied covenant of good faith and fair dealing rises and falls with his contract claim, so it too is doomed in the absence of a valid and enforceable contract.  Similarly, New Jersey courts have repeatedly recognized that equitable estoppel is not an independent cause of action.  Finally, Plaintiff's promissory estoppel claim is subject to dismissal as it does no more than regurgitate the claim's legal elements, without factual support.  For these reasons, this Court should dismiss each of Plaintiff's remaining claims.

## STATEMENT OF FACTS[1]

### I.   ACLS

Founded in 1919, ACLS is a nonprofit federation of scholastic organizations, known as ACLS members.  (Compl. ¶¶ 3, 6.)  ACLS is a leader in American scholarship in humanities and related social sciences.  (*See* Declaration of James Shulman ("Shulman Decl.") ¶ 2.)  Based on its "core belief that knowledge is a public good," ACLS's mission is to "support scholarship in the humanities and social sciences and to advocate for the centrality of the humanities

---

[1] Facts derived from the allegations in the Complaint are assumed to be true only for purposes of the instant motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court may consider extrinsic evidence submitted by the parties in deciding ACLS's motion to dismiss on jurisdictional grounds, and may consider documents referred to in the Complaint, such as communications between the parties, in deciding whether Plaintiff has stated a claim.  *See infra pp.* 7–9.

3

in the modern world." (*Id.*)  Since its founding more than a century ago, ACLS has "strive[d] to promote the circulation of humanistic knowledge throughout society." (*Id.* ¶ 2.)

As Plaintiff concedes, ACLS is a nonprofit corporation with its principal place of business in New York, New York.  (Compl. ¶ 3.)  The Complaint is conveniently silent as to ACLS's place of incorporation: Washington, D.C.  (*See* Shulman Decl. ¶ 4.)  The Complaint similarly fails to allege that ACLS conducts any business, regularly or otherwise, in New Jersey.  Indeed, ACLS has no offices and owns no property in the state, nor do any of its employees regularly work there.  (*See id*. ¶¶ 5–7.)

## II.    ACLS's Appointment of a UAI Delegate

ACLS represents the United States at the UAI, which is a "global organization of national academies in the fields of humanities and social sciences." (Compl. ¶ 6.)  The UAI "aims . . . to initiate, recognize, foster, and fund basic long-term international research projects."  (*Id.*)  Part of the UAI's activities include hosting a general assembly.  This assembly is composed of delegates from its constituent members.  As a UAI member, ACLS can appoint two delegates to represent it at the UAI general assembly.  (*Id.* ¶ 7.)  These appointments are unpaid volunteer positions.  (*Id.* ¶ 8.)

4

On February 19, 2020, ACLS wrote to Plaintiff to ask whether he would be willing to serve as ACLS's UAI delegate and explained that ACLS would host the next meeting of the UAI general assembly in the United States sometime in the fall of 2021.  (*Id*. ¶ 12; *see also* Declaration of Michael F. Buchanan ("Buchanan Decl.") ¶ 2 & Ex. 1.)  Over the next few days, ACLS and Plaintiff exchanged correspondence regarding his potential start date as a delegate (Compl. ¶¶ 14, 17–18), and on March 9, 2020, Plaintiff wrote to ACLS to accept the invitation.  (*Id*. ¶ 19; Buchanan Decl. ¶ 3 & Ex. 2.)  The Complaint does not allege that ACLS's invitation set forth a definite term or length of time for Plaintiff's service or that it limited ACLS's ability to rescind its invitation at any time for any reason or to designate a different delegate.  Nor does the Complaint allege that ACLS agreed to compensate Plaintiff for his service as a UAI delegate.  To the contrary, the Complaint acknowledges that this was to be an unpaid position. (Compl. ¶ 8.)

On September 14, 2020, ACLS President Joy Connolly wrote to Plaintiff, informing him that the organization had decided to select another individual as its UAI delegate.  (Compl. ¶ 35; *see also* Buchanan Decl. ¶ 4 & Ex. 3.)  As set forth in that correspondence, Ms. Connolly stated that ACLS planned to host "discussions about inequality, racism, and justice in academia, comparing

conditions and responses across countries" at the upcoming 2021 UAI general

assembly meeting.  (Buchanan Decl. ¶ 4 & Ex. 3.)  She went on to explain that:

> [p]articipants will be best served by ACLS staff and representatives
> who can run the event without themselves becoming the focus of
> debate. Your article in *Quillette* this summer and follow-up statement
> took a strong personal stance on racism at Princeton, and it drew a great
> deal of attention on social media and elsewhere. Of course it is your
> right and responsibility to engage publicly in the issues important to
> you – we have made encouraging public engagement by leading
> scholars one of our priorities at ACLS. Your emergence as a public
> figure in this area, however, means that your service as ACLS's
> international representative as we host this meeting would send a
> strong message all its own. Thanks in part to the blunt hammer of
> social media, it risks bringing ACLS and its member societies into
> disputes that are not ours.

(*Id.*)  Ms. Connolly noted that for this reason, ACLS had "decided to ask another

scholar to serve as ACLS's UAI representative . . . [for] the good of ACLS and our

scholarly societies."  (*Id.*)  She further noted that because of the COVID pandemic,

ACLS's invitation to Plaintiff was "not public knowledge and ha[d] not been

announced to the UAI leadership or staff."  (*Id.*; *see also* Compl. ¶ 35.)

## III.   Procedural History

On February 4, 2021, Plaintiff brought suit against ACLS in New

Jersey State Court, Mercer Law Division.  (*See* ECF No. 1, Notice of Removal

¶ 2.)  He asserted claims under New Jersey law for: (i) breach of contract;

(ii) breach of implied covenant of good faith and fair dealing; (iii) promissory

estoppel; and (iv) equitable estoppel.  (Compl. ¶¶ 42–62.)  ACLS removed the

action to this Court on March 5, 2021 pursuant to 28 U.S.C. § 1332.  (*See* ECF No.

1, Notice of Removal.)

## LEGAL STANDARDS

### A.      Federal Rule 12(b)(2)

Under Fed. R. Civ. P. 12(b)(2), Plaintiff bears the burden of

demonstrating the facts that establish jurisdiction is proper.  *Laurel Gardens, LLC*

*v. Mckenna*, 948 F.3d 105, 113 n.5 (3d Cir. 2020).  The Plaintiff must "establish[]

with reasonable particularity sufficient contacts between the defendant and the

forum state."  *Mellon Bank (East) PSFS, Nat'l Assn'n v. Farino*, 960 F.2d 1217,

1223 (3d Cir. 1992) (internal quotation marks omitted); *Remick v. Manfredy*, 238

F.3d 248, 259 (3d Cir. 2001) (affirming trial court's dismissal of claims against

individual defendants for lack of personal jurisdiction).

Because a Rule 12(b)(2) motion inherently "requires resolution of

factual issues outside the pleadings," a plaintiff may at "no point" rely on "bare

pleadings alone."  *Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) (internal

quotation marks omitted).  In evaluating a motion to dismiss for lack of personal

jurisdiction, courts routinely consider evidence outside the complaint.  *Al-Ghena*

*Int'l Corp. v. Radwan*, 957 F. Supp. 2d 511, 527 (D.N.J. 2013) (considering

affidavits outlining jurisdictional facts).

### B.      Federal Rule 12(b)(6)

To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"; instead, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *George v. Rehiel*, 738 F.3d 562, 581 (3d Cir. 2013) (citations and internal quotation marks omitted).  Mere restatement of the elements of a claim is a legal conclusion, not entitled to a presumption of truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).

In deciding a Rule 12(b)(6) motion, a district court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, without converting the motion into one for summary

judgment.[2] *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (a "document integral to or explicitly relied on in the complaint may be considered").

## ARGUMENT

Plaintiff's claims should be dismissed in their entirety pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) because: (1) Plaintiff has not and cannot plead facts that establish personal jurisdiction over ACLS; and (2) Plaintiff's Complaint fails to state a claim.

## I.    ACLS Is Not Subject to Personal Jurisdiction in New Jersey

New Jersey's long-arm statute "provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Court Rule 4:4–4(c)). Thus, "the analysis turns on the federal constitutional standard for personal jurisdiction." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016). Personal jurisdiction can be either specific or general. *Id.* As Plaintiff's Complaint gives rise to neither type of personal jurisdiction, his claims should be dismissed in their entirety.

---

[2] The Court may therefore consider the three documents Plaintiff explicitly relied upon and quoted from in his Complaint: (1) a February 19, 2020 letter from ACLS to Plaintiff, (2) a March 9, 2020 letter from Plaintiff to ACLS, and (3) September 14, 2020 email correspondence between ACLS and Plaintiff, which are attached as Exhibits to the Declaration of Michael F. Buchanan.

### A.   ACLS Is Not Subject to General Jurisdiction in New Jersey

Plaintiff has not and cannot allege sufficient facts to establish that ACLS is subject to general jurisdiction in New Jersey.  General jurisdiction lies where a defendant is "at home"—i.e., in its place of incorporation or its principal place of business.  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  ACLS's principal place of business is indisputably in New York.  (Compl. ¶ 3.)  And ACLS is incorporated in Washington, D.C.  (*See* Shulman Decl. ¶ 4.)  ACLS can therefore be "at home" only in New York and Washington, D.C., not New Jersey.  *See Daimler AG*, 571 U.S. at 137; *Grupo Rayco C.A. v. Delta Air Lines, Inc.*, No. 19-cv-6162 (SRC), 2020 WL 2189994, at *2 (D.N.J. May 6, 2020) (defendant was not "at home" in New Jersey because it was neither incorporated in nor had its principal place of business there).

Only in extraordinary circumstances, none applicable here, can a corporation be subject to general jurisdiction outside its principal place of business or state of incorporation.  *See Daimler AG*, 571 U.S. at 139 n.19 (a court may exercise general jurisdiction when the "corporation's operations in [the forum are] so substantial and of such a nature as to render the corporation at home in that State").  ACLS does not own any property or have any offices in New Jersey, none of its employees regularly work in the state, and it does not regularly transact or otherwise conduct business in New Jersey.  (*See* Shulman Decl. ¶¶ 5–7.)  As such,

no "exceptional circumstances" justify the Court's exercise of general jurisdiction over ACLS. *Horowitz v. AT&T Inc.*, No. 17-cv-4827 (BRM), 2018 WL 1942525, at *7 (D.N.J. Apr. 25, 2018) (court lacked general jurisdiction over defendant who did not employ any individuals in New Jersey or maintain any business locations in New Jersey).

### B.   ACLS Is Not Subject to Specific Jurisdiction in New Jersey

Specific jurisdiction requires the defendant to have "constitutionally sufficient minimum contacts" with a forum. *IMO Indus., Inc. v. Kierkert AG*, 155 F.3d 254, 259 (3d Cir. 1998). The "minimum contacts" inquiry considers whether ACLS "directed its activities" at New Jersey or whether Plaintiff's claims "arise out of or relate" to ACLS's activities in New Jersey. *Burger King*, 471 U.S. at 472–73. Plaintiff has come up empty on both fronts: he does not allege that ACLS has any activities in this forum, such as operations, employees, offices, or real estate. While a handful of employees periodically work from their homes in New Jersey, none interacted with Plaintiff regarding the UAI delegate invitation, and ACLS has no regular operations in the state. (*See* Compl. ¶ 3; Shulman Decl. ¶¶ 6–7).)

The sole basis Plaintiff asserts for jurisdiction is that ACLS allegedly had contacts and communications with him—a resident of New Jersey— concerning the alleged contract. (Compl. ¶ 4.) The Supreme Court has long

11

recognized that an alleged contract between a forum resident and a foreign defendant cannot alone support personal jurisdiction over the out-of-state party. *Burger King*, 471 U.S. at 478 ("[A]n individual's contract with an out-of-state party *alone* can[not] automatically establish sufficient minimum contacts in the other party's home forum." (emphasis in original)). As a foreign nonprofit without regular New Jersey activities, ACLS cannot be subject to specific jurisdiction based solely on the allegation that it "contracted" or negotiated with a New Jersey resident. *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (where the plaintiff's claims arise out of a contract, "[t]he fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the nonresident").

Even if Plaintiff could establish minimum contacts (he cannot), exercise of jurisdiction would not be reasonable and fair. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (jurisdiction must "comport with 'fair play and substantial justice'"). It would hardly be judicially efficient to compel ACLS, a foreign defendant, to bear the substantial litigation burden in a forum that has, at best, a *de minimis* interest in this action. *Fisher v. Teva PFC SRL*, 212 F. App'x 72, 77 (3d Cir. 2006) (concluding personal jurisdiction would be unreasonable based on the burden on the defendant, the interest of the forum state, and judicial economy). Where, as here, a defendant has no regular presence in

New Jersey and cannot expect to be haled into court there, the Court should decline to exercise jurisdiction. *See, e.g.*, *Eaton Corp. v. Maslym Holding Co.*, 929 F. Supp. 792, 798–99 (D.N.J. 1996) (declining to exercise specific jurisdiction despite existence of minimum contacts because "defendants maintain no presence in New Jersey" and the "forum's interest in this litigation is minimal to nonexistent.")

Because the allegations in the Complaint do not support the exercise of either general or specific jurisdiction over ACLS in this forum, this case should be dismissed in its entirety.

## II.     This Case Should Be Dismissed in its Entirety for Failure to State a Claim

### A.     Plaintiff's Breach of Contract Claim Fails as a Matter of Law

Even if ACLS were subject to personal jurisdiction, Plaintiff's breach of contract claim would still be subject to dismissal.  To state a claim for breach of contract a plaintiff must allege: (1) the existence of a valid contract with plaintiff and defendant; (2) a breach of the contract by defendant; (3) performance by the plaintiff of his or her obligations under the contract; and (4) plaintiff's resulting damages. *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002).[3]  Plaintiff has failed to allege sufficient facts to establish even one of these elements.

---

[3] Plaintiff alleges various contract and quasi contract theories under New Jersey law without establishing why New Jersey law applies to his claims.  For purposes of this motion only, ACLS analyzes Plaintiff's claims under New Jersey law.  In

1.      *The Alleged Agreement Between Plaintiff and ACLS Lacks All of the Hallmarks of a Valid and Enforceable Contract*

Under New Jersey law, "a valid contract does not exist unless a party alleges four elements: (1) meeting of the minds; (2) offer and acceptance; (3) consideration; and (4) reasonably certain contract terms." *TBI Unlimited, LLC v. Clearcut Lawn Decisions, LLC*, No. 12-cv-3355 (RBK), 2013 WL 1223643, at *3 (D.N.J. Mar. 25, 2013).  Plaintiff fails to identify any documents or communications that establish what he believes constitute the "contract," much less attach the so-called "contract" to his Complaint.  Instead, Plaintiff relies on conclusory, vague, and general allegations that a contract existed between the parties.  (*See, e.g.*, Compl. ¶¶ 21, 43–45.)  Such allegations will not suffice.  *See*

---

any event, Plaintiff's deficient pleading would also fail under New York law.  *See Swan Media Grp., Inc. v. Staub*, 841 F. Supp. 2d 804, 807 (S.D.N.Y. 2012) (dismissing breach of contract claim as inadequately pleaded where plaintiff failed to "specify which clause" defendant breached or "through what actions or inactions"); *Canstar v. J.A. Jones Constr. Co.*, 212 A.D.2d 452, 453 (N.Y. 1st Dep't 1995) (affirming dismissal of breach of the implied covenant of good faith claim as impermissibly duplicative because it was "intrinsically tied to the damages allegedly resulting from a breach of the contract"); *Celle v. Barclays Bank P.L.C.*, 48 A.D.3d 301, 303 (N.Y. 1st Dep't 2008) ("In the absence of a duty independent of the agreement, [a] promissory estoppel claim [is] duplicative of [a] breach of contract claim" and must be dismissed.); *Vangas v. Montefiore Med. Ctr.*, 925 F. Supp. 2d 574, 580 (S.D.N.Y. 2013) (dismissing equitable estoppel claim as inadequately pleaded).  Should Plaintiff's claims survive, ACLS reserves all rights to address the applicable choice of law analysis at the appropriate time.

14

*Torsiello v. Strobeck*, 955 F. Supp. 2d 300, 309 n.5 (D.N.J. 2013) ("setting aside conclusory allegations" in finding breach of contract claim inadequately pleaded).

The Complaint, for example, falls far short of establishing the necessary element of consideration. "Consideration is, in effect, the price bargained for and paid for a promise." *Oscar v. Simeonidis*, 800 A.2d 271, 276 (N.J. App. Div. 2002). Plaintiff admits that service as a UAI delegate is an unpaid position (Compl. ¶ 8), and he points to no compensation or bargained for exchange between the parties to establish an enforceable contract. As Courts in this jurisdiction and others have recognized, an unpaid volunteer cannot bring a breach of contract claim. *Wanco v. Twp. of Rochelle Park*, No. 14-cv-7413 (KM), 2017 WL 3158752, at *6 (D.N.J. July 24, 2017) (dismissing breach of contract claim brought by an unpaid volunteer based on conclusory allegations of a contractual relationship); *see also Rossley v. Drake Univ.*, 958 F.3d 679, 687 (8th Cir. 2020) (dismissing breach of contract claim by volunteer university trustee); *Adam v. Obama for Am.*, 210 F. Supp. 3d 979, 985 (N.D. Ill. 2016) (dismissing breach of contract claim by volunteer intern for lack of consideration); *Storms v. Veterans of Foreign Wars of the United States, Inc.*, No. 15-cv-1038 (ENV), 2016 WL 6462273 at *7 (E.D.N.Y. Nov. 1, 2016) (dismissing breach of contract claim by unpaid volunteer); *Fisher v. Int'l Student Exch., Inc.*, 38 F. Supp. 3d 276, 282 (E.D.N.Y.

15

2014) (observing that agreement to serve as an unpaid volunteer lacked the element of consideration).

Plaintiff cannot overcome this fatal flaw in his contract theory by slapping the "consideration" label on the "recognition and prestige" he hoped to achieve.  (Compl. ¶ 8.); *see Adam*, 210 F. Supp. 3d at 986 (rejecting unpaid intern's contention that she agreed to perform work "in exchange for the prestige of the position").  Nor can he claim that he "received consideration" from *ACLS* in the form of expanded professional opportunities and merit salary increases, all of which he would receive, if at all, from his employer or others in the academic community.  (*Id.* ¶ 45.)  In the absence of such contemplated consideration, there can be no enforceable contract between the parties.  *Wanco*, 2017 WL 3158752, at *6; *see also Rossley*, 958 F.3d at 687; *Adam*, 210 F. Supp. 3d at 985; *Storms*, 2016 WL 6462273 at *7; *Fisher*, 38 F. Supp. 3d at 282.

If that were not enough, Plaintiff also fails to set forth *any* of the other essential terms of a contract.  *See Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992) (an agreement is unenforceable "[w]here the parties do not agree to one or more essential terms").  Although the Complaint alleges a "start date," it does not allege how long Plaintiff would serve as ACLS's volunteer or when he might stop.  *Baer v. Chase*, 392 F.3d 609, 619 (3d Cir. 2004) ("[T]he duration of the contract is deemed an essential term and therefore any agreement must be

16

sufficiently definitive to allow a court to determine the agreed upon length of the contractual relationship.")

Nor does the Complaint plead any facts regarding the respective obligations of each party under the alleged contract. *Id*. ("An agreement so deficient in the specification of its essential terms that the performance by each party cannot be ascertained with reasonable certainty is not a contract.").  Indeed, Plaintiff does not even allege that ACLS was bound to render any performance under the purported contract or how it may have breached such obligations. Plaintiff also misses the mark by omitting what remedies were available under the alleged contract. *See also Big M, Inc. v. Dryden Advisory Grp.*, No. 08-cv-3567 (KSH), 2009 WL 1905106, at *14 (D.N.J. June 30, 2009) ("The terms of a contract are certain if the contract can determine the existence of a breach and provide an adequate remedy.").  Without these essential terms, Plaintiff also cannot satisfy the "meeting of the minds" element. *Marcangelo v. Boardwalk Regency Corp.*, 847 F. Supp. 1222, 1229–30 (D.N.J. 1994) (parties must "mutually agree and assent to the substance and terms" of the contract).

Because Plaintiff has failed to allege that the parties entered into a valid enforceable contract, his breach of contract claim must be dismissed.

2.  *Plaintiff Fails To Allege How ACLS Breached the Purported Contract Between the Parties*

Even if the Complaint had sufficiently alleged the existence of a

17

contract between Plaintiff and ACLS, Plaintiff has not alleged that ACLS breached that agreement.  It is axiomatic that a breach of contract claim cannot stand without an express allegation that the defendant actually breached an obligation.  *Khorchid v. 7-Eleven, Inc.*, No. 18-cv-8525 (JBS), 2018 WL 5149643 at *9 (D.N.J. Oct. 22, 2018) ("Failure to allege the specific provisions of contracts breached is grounds for dismissal.").  Based on this uncontroversial proposition, courts routinely dismiss complaints that fail to "identify the provisions" that were breached. *Skypala v. Mortgage Electronic Registration Systems, Inc.*, 655 F. Supp. 2d 451, 459 (D.N.J. 2009); *Fabbro v. DRX Urgent Care, LLC*, 616 F. App'x 485, 487 (3d Cir. 2015) (affirming dismissal where plaintiffs "failed to cite to a single provision of the [] agreement that has been breached"). Yet here, contrary to these well-settled precedents, Plaintiff not only fails to identify a single action that ACLS was obligated to perform, but also fails to allege that ACLS actually did not perform. This alone is grounds for dismissal.

3.    *Plaintiff Does Not Allege that He Performed Under the Alleged Contract*

Just as Plaintiff fails to allege how ACLS purportedly breached the alleged contract between the parties, he fails to allege how he performed under such contract.  He does not point to any actions he undertook or opportunities he forewent in order to serve as ACLS's UAI delegate for a conference not even scheduled to take place for many months.  There is no allegation that he created

18

any work product, participated in any meetings or discussions, or otherwise

expended any effort or expense as ACLS's purported delegate to UAI.  This dearth

of facts is unsurprising because, as discussed above, Plaintiff has not alleged any of

the essential terms of the alleged contract between the parties, including their

respective obligations under the alleged agreement.  In the absence of such terms,

Plaintiff could not allege now, or ever, that he had performed under the alleged

contract, and his breach of contract claim must fail.  *Rotante v. Franklin Lakes Bd.*

*of Educ.*, No. 13-cv-3380 (JLL), 2014 WL 6609034, at *7 (D.N.J. Nov. 20, 2014)

(dismissing breach of contract claim because plaintiff "fail[ed] to provide any facts

which point to the [p]laintiff performing his own contractual duties"); *see also*

*Video Pipeline*, 210 F. Supp. 2d at 561 (a party alleging a breach of contract must

allege "that the party performed its own contractual duties").

    4.   *Plaintiff Fails To Allege Cognizable Monetary Damages*

        Plaintiff's Complaint suffers yet another defect: it fails to plead

damages that are cognizable under New Jersey contract law.  The Complaint

alleges that Plaintiff suffered professional humiliation and the loss of professional

opportunities, including future salary increases, after ACLS withdrew its invitation.

(Compl. ¶ 47.)  As multiple courts have recognized, however, New Jersey bars

recovery of damages for loss of professional opportunities and reputational harm

on a breach of contract claim.  *Tousley v. Atl. City Ambassador Hotel Corp.*, 50

19

A.2d 472, 474–75 (N.J. Sup. Ct. 1947) (employee fired before the expiration of his employment agreement could not recover for damages to his reputation); *see also Redgrave v. Bos. Symphony Orchestra, Inc.*, 855 F.2d 888, 892 (1st Cir. 1988) (courts, including in New Jersey, reject contract damages premised on lost professional opportunities and reputational harm).

Even if such damages were available, the Complaint recites only conclusory allegations that ACLS caused such damage. The Complaint does not allege that ACLS ever informed Princeton or the UAI that it had discussed the UAI delegate position with Plaintiff, or that ACLS made any public statements about its invitation or its withdrawal. *See Tousley*, 50 A.2d at 474–75 (reputational damages were "not clearly ascertainable" where plaintiff failed to allege "[w]hat the reputation was, what it is now, how much and in what way it has been impaired by defendant" and where it was possible that "it [had] been impaired by other persons or other causes, or by failure of the powers and ability of plaintiff"). Without such allegations, Plaintiff's damages claim must be dismissed. *Sheet Metal Workers Int'l Ass'n Loc. Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (breach of contract claim requires "a causal relationship between the breach and the plaintiff's alleged damages").

5.      *Specific Performance Is Prohibited by New Jersey Law*

Finally, even if the Court concludes that Plaintiff has stated a claim for

monetary damages under his breach of contract claim, it should strike his request

for specific performance.  It is well-settled law that specific performance of a

services contract is available only in the most exceptional circumstances, none of

which apply here.[4]  *Endress v. Brookdale Cmty. Coll.*, 364 A.2d 1080, 1091 (N.J.

App. Div. 1976) ("[P]ersonal service contracts are generally not specifically

enforceable affirmatively."); *Sarokhan v. Fair Lawn Memorial Hospital, Inc.*, 199

A.2d 52, 55–56 (N.J. App. Div. 1964) (explaining rationale for rejection of specific

performance of personal service contracts).

**B.      Plaintiff's Claimed Breach of the Implied Covenant of Good Faith and Fair Dealing Is Subject to Dismissal**

As an apparent back-up to the contract claim, Plaintiff alleges that

ACLS breached the implied covenant of good faith and fair dealing, a claim that

New Jersey does not recognize as a free-standing cause of action.  Because

Plaintiff failed to plead a valid and enforceable contract, his claim for breach of the

implied covenant of good faith and fair dealing must also fail.  *Scagnelli v.*

---

[4] The remedy of specific performance for service contracts may be appropriate in the limited circumstance when a public agency fires or withholds the renewal of a contract from a nontenured public employee for a reason or reasons that implicate a constitutionally protected right. *Endress*, 364 A.2d at 1091.  No such circumstances are alleged to exist here.

*Schiavone*, 538 F. App'x 192, 194 (3d Cir. 2013) (dismissal of implied covenant of good faith and fair dealing claim affirmed because there was "no contract from which an implied covenant could arise").

What is more, even if Plaintiff could point to an enforceable contract, the Complaint inadequately pleads: (1) that the defendant acted in bad faith or with a malicious motive, or that (2) he was denied some benefit of the bargain, even if that benefit was not an express provision of the contract.  *Yapak, LLC v. Massachusetts Bay Ins. Co.*, No. 09-cv-3370 (AET), 2009 WL 3366464, at *2 (D.N.J. Oct. 16, 2009).  Plaintiff alleges that ACLS "joined in the witch hunt" against him (*see* Compl. ¶ 35), but this allegation is belied by the very correspondence Plaintiff cites, which shows that ACLS did not act in bad faith or with a malicious motive (*see* Buchanan Decl. Ex. 3).  Instead, ACLS informed Plaintiff that it was acting for "the good of ACLS and our scholarly societies" in selecting a delegate to represent the organization, reaffirmed Plaintiff's right to express his personal views, and expressed regret for the necessity of ACLS's decision.  (*See* Compl. ¶ 35; Buchanan Decl. Ex. 3.)

There are also no non-conclusory allegations that ACLS intended to confer any personal benefit upon Plaintiff, as the Complaint's citation to the parties' correspondence further proves.  (*See* Compl. ¶ 13; Buchanan Decl. Ex. 1 (describing delegate role but making no reference to any personal benefit to

22

Plaintiff)).   For these reasons, Plaintiff's claim for breach of the covenant of good faith and fair dealing should be dismissed.

### C.   Plaintiff Fails to State a Claim for Promissory Estoppel

Plaintiff proffers a promissory estoppel theory without alleging any facts to establish the elements of that claim: (i) a "clear and definite promise" by the promisor; (ii) "made with the expectation that the promisee will rely on [the promise]"; (iii) the promisee must, in fact, reasonably rely on the promise; and (iv) the promise must incur a detriment of a "definite and substantial" nature in reliance on that promise.  *Segal v. Lynch*, 48 A.3d 328, 342 (N.J. 2012).[5]

The Complaint parrots that ACLS made a "clear and definite" promise without alleging what that promise actually was.  Indeed, even if ACLS had promised Plaintiff that the position would net him wide acclaim, that "promise" would be neither clear nor definite.  *Fischer v. Allied Signal Corp.*, 974 F. Supp. 797, 809 (D.N.J. 1997) (advice that a volunteer position "would enhance" plaintiff's career and provide promotional opportunities was not a "clear and definite" promise).  ACLS's alleged communications to Plaintiff amount to no

---

[5] Should Plaintiff's breach of contract claim survive, the promissory estoppel claim must necessarily fail for the additional reason that it is duplicative of the contract claim.  *Zydus Worldwide DMCC v. Teva API Inc.,* 461 F. Supp. 3d 119, 140–41 (D.N.J. 2020) ("Promissory estoppel cannot be maintained where a valid contract fully defines the parties' respective rights and obligations." (internal citation and quotations omitted)).

more than an invitation to Plaintiff to volunteer for an unspecified period of time as the UAI delegate.  (Compl. ¶¶ 12–13.)  Such an ill-defined and open-ended promise is too vague to meet the stringent requirements of a "clear and definite" promise.  *See Fischer*, 974 F. Supp. at 809 (dismissing promissory estoppel claim by a volunteer because the promises were too vague under New Jersey law).

Plaintiff cannot salvage his claim with conclusory allegations that he "incurred a detriment in reliance."  (Compl. ¶ 56.)  Other than general allegations of professional harm and reputational damage, Plaintiff does not, as he must, allege any specific opportunities he lost.  *Tredo v. Ocwen Loan Servicing*, LLC, No. 14-cv-3013 (JLL), 2014 WL 5092741, at *7 (D.N.J. Oct. 10, 2014) (finding "vague allegation[s] of harm" such as the incurrence of "fees, penalties, and negative reporting of creditworthiness" do not "give rise to the reasonable inference that [plaintiff] suffered a definite or substantial detriment" and are "insufficient to establish a claim for promissory estoppel").  Allegations of future impact to his compensation are too speculative to satisfy his pleading burden.  Plaintiff has not alleged that he, in fact, lost any remuneration owed, turned down any opportunities, suffered a single adverse action, or experienced any other hardship because ACLS withdrew its invitation.  *Grant v. Coca-Cola Bottling Co. of New York*, 780 F. Supp. 246, 250 (D.N.J. 1991) (plaintiff failed to plead detrimental reliance where he could not identify a "definite loss").

24

### D.   Plaintiff's Equitable Estoppel Claim Is Not Cognizable Under New Jersey Law

Plaintiff's last-gasp claim for equitable estoppel is equally unavailing.

Equitable estoppel is "not [] an independent cause of action and basis for money

damages for breach of contract."  *Bava v. Hamilton Farm Golf Club*, No. 08-cv-

5473 (AET), 2009 WL 2778108, at *3 n.5 (D.N.J. Aug. 28, 2009).  Because, as set

forth above, Plaintiff failed to plead breach of contract, this claim must also be

dismissed.  *Gant v. Ragone*, No. 20-cv-01727 (RBK), 2020 WL 6797125, at *9

(D.N.J. Nov. 19, 2020) ("[E]quitable estoppel is not recognized as an independent

claim for relief.").

Even if Plaintiff's equitable estoppel claim could survive the dismissal

of his breach of contract claim, he has failed to allege the facts necessary to

establish his claim: (i) "a knowing and intentional misrepresentation by the party

sought to be estopped," (ii) "under circumstances in which the misrepresentation

would probably induce reliance," and (iii) "reliance by the party seeking estoppel"

(iv) "to his or her detriment."  *D'Agostino v. Maldonado*, 78 A.3d 527, 546 (N.J.

2013).  Here, the Complaint contains *no* allegation that ACLS made a

misrepresentation to Plaintiff.  At most, the Complaint alleges that ACLS changed

its mind with respect to the UAI delegate appointment.  Nor does the Complaint

allege that ACLS made any representations, much less any false representations,

regarding the term for which Plaintiff might serve as UAI delegate.  Accordingly, this claim must be dismissed.

## CONCLUSION

For the foregoing reasons, ACLS respectfully requests that the Court dismiss this action in its entirety for lack of personal jurisdiction, or, in the alternative, for failure to state a claim.

Dated:    April 2, 2021              PATTERSON BELKNAP WEBB &
                                     TYLER LLP
                                     By: */s/ Michael F. Buchanan*
                                         Michael F. Buchanan
                                         1133 Avenue of the Americas
                                         New York, NY 10036-6710
                                         Telephone: (212) 336-2000
                                         E-mail:  mfbuchanan@pbwt.com

                                     *Attorneys for Defendant*
                                     *American Council of Learned Societies*

26

## <u>CERTIFICATE OF SERVICE</u>

I, Michael F. Buchanan, hereby certify, pursuant to 28 U.S.C. § 1746, that

on April 2, 2021, I electronically filed the foregoing with the Clerk of Court using

the CM/ECF system, which will automatically send e-mail notification of such

filing to all counsel of record.

Dated:   April 2, 2021          PATTERSON BELKNAP WEBB &
TYLER LLP
By: */s/ Michael F. Buchanan*
Michael F. Buchanan
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
E-mail:  mfbuchanan@pbwt.com

*Attorneys for Defendant*
*American Council of Learned Societies*

27